## HARVARD MORTGAGE CO. v. NEESON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8928.   Decided June 25, 1928

Middleton, P.J. and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE**
(510 M4h) Mortgage has no vitality when note secured by it fails.
**COMMERCIAL PAPER**
(120 H) Unpaid installments alone sufficient to attach to instrument its character as dishonored note. One acquiring such note after such dishonor, takes it subject to all infirmities.
**TRIAL**
(590 E2) Acts not wrongful and not equivocal form no basis for estoppel. Estoppel does not arise from acts of party charged therewith unless party asserting estoppel was improperly influenced thereby to his prejudice.

Error to Common Pleas.
Judgment affirmed.

Ford, Taylor & Hasselman, Cleveland, for Harvard Mortg. Co.

Vickery & Vickery, Cleveland, for Neeson.

### STATEMENT OF FACTS

The Harvard Mortgage Co. sought recovery on a promissory note signed by William J. Neeson and Clara Neeson, and by a second cause of action sought foreclosure of a mortgage on real estate given to secure the same. To the first cause of action of the amended petition the Neesons pleaded that the plaintiff was not a bona fide holder for value before maturity and that the note was secured by the original holder by fraud and without consideration. As a defense to the second cause of action the charge of fraud as to the note is reiterated and the nature of the transaction out of which the note and mortgage grew are set forth with some detail. The plaintiff replied to this answer, in effect, that it denied that there was any fraud in the transaction, and denied that the note was unsupported by a consideration, and alleged that at all events the plaintiff had no knowledge of such fraud. It further pleaded an estoppel against the defendants' plea of fraud and failure of consideration. Upon the issue joined in the first cause of action, i.e., relating to the note a jury was empaneled and a trial had. At the conclusion of all the testimony the plaintiff moved "for an order to arrest from the consideration of the jury the testimony offered on the part of the defense, or, the alternative, to direct the jury to return a verdict for the plaintiff." Thereupon the defendant joined in the motion that the court direct a verdict, praying such judgment for the defendant. The disposition of the case having thus passed to the trial judge, judgment was entered for the defendant.

MAUCK, J.

The first question is whether the situation was such that the plea of fraud was available to the defendant. This, of course, depends on whether the plaintiff had become an innocent holder in due course. The note was complete and regular in form. The plaintiff acquired it for value and in good faith and had no actual notice of any infirmities therein. The only question, therefore, is whether the plaintiff's acquisition of the instrument meets the second condition imposed by 8157 GC.

"That he became the holder of it before it was over due, and without notice that it had been previously dishonored, if such was the fact."

The note was dated January 15, 1925. It was deposited with the plaintiff as collateral security for value on May 8, 1925, and on that day the equitable rights therein of the plaintiff vested.

It is clear that two installments of $75.00 each were then due. These unpaid installments alone were sufficient to attach to the instrument its character as a dishonored note. The rule is too well fixed to warrant quoting the authorities or to indulge in the refinements and distinctions of particular cases. 8 Corpus Juris 410; 3 Ruling Case Law 1048.

The Neesons were the owners of two parcels of suburban property at Cedar Point, Cuyahoga Co. One of these was a nine acre tract, the other a one acre tract on which the Neesons lived. They were induced to trade the larger tract to George E. Whitehouse for some real estate on Beaver Avenue, Cleveland, and to consummate the exchange gave as additional consideration a mortgage for $6,500 on the one acre tract on which they lived. This action was predicated on that note and mortgage which were originally made payable to Whitehouse and by him transferred to a third party who in turn transferred it to the plaintiff, both transfers being subsequent to its dishonor.

In the exchange the Neesons were swindled. The note was so saturated with the fraud of Whitehouse that he could have had no recovery thereon and as we have pointed out the plaintiff by acquiring the note after it had been dishonored is charged with all its infirmities.

It has been argued, however, that if all this be true, the Neesons are estopped from availing themselves of the defense of fraud by virtue of the facts that they took over the Beaver Avenue property, improved it, collected rents therefrom and received from the sheriff a small residue after the payment of the liens on foreclosure. These things work no estoppel. The acts charged were not wrongful and not equivocal and, therefore, form no basis for an estoppel. Moreover, an estoppel does not arise from

the acts of the party charged therewith unless the party asserting the estoppel was improperly influenced thereby to his prejudice. Nothing of the sort appeared in this case and the plea failed.

Complaint is made, however, that the court not only rendered judgment on the first cause of action but entered a cancellation of the mortgage. This relief was not granted the defendants by virtue of any prayer for rescission, nor any issue joined on the first cause of action. The mortgage was, however, before the court by reason of the second cause of action in which the mortgage was pleaded and its foreclosure prayed. The mortgage had no vitality when the note secured by it failed. The second cause of action was addressed to a court of equity and the court sitting as a chancellor was clothed with power to do equity when jurisdiction was acquired over the instrument. When it was found that the mortgage secured nothing, why should not the cancellation be made and the record cleared? The plaintiff in error could not be prejudiced in any event by the cancellation of a mortgage that secured nothing of value.

The judgment is affirmed.
(Middleton, P.J., concurs.)